IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | | |
|---|---|---|
| Vincent Polite Brown, | ) | Case No. 5:19-cv-435-RMG |
| | ) | |
| Plaintiff, | ) | **ORDER AND OPINION** |
| | ) | |
| v. | ) | |
| | ) | |
| Bryan P. Sterling, Donnie. E. Stonebreaker, Michael Stephen, Aaron Joyner, Joseph McFadden, Charles Williams, Kennard Dubose, Thomas Robertson, Stanley Terry, Clarissa Jones, Juanita Moss, Victoria Norman, and John Doe, | ) | |
| Defendants. | ) | |

This matter is before the Court on the Report and Recommendation ("R & R") of the Magistrate Judge (Dkt. No. 101) recommending that the Court grant Defendants' motion for summary judgement (Dkt. No. 87). For the reasons set forth below, the Court adopts the R & R as the Order of the Court and grants Defendants' motion.

**I.  Background and Relevant Facts**

Plaintiff, proceeding *pro se*, brought this civil rights action under 42 U.S.C. § 1983 alleging violations of his constitutional rights during his confinement at McCormick Correctional Institution ("MCI").[1] The majority of Plaintiff's allegations stem from two incidents that occurred on December 19 and December 28, 2018 at MCI during which Plaintiff claims Defendants used excessive force.

Plaintiff alleges that on December 19, 2018, while in his cell at MCI, Defendants Stanley Terry and Thomas Robertson sprayed, without justification, three cans of chemical munitions at

---

[1] Since filing the instant lawsuit, Plaintiff has been transferred from MCI and is currently an inmate at Broad River Correctional Institution. (Dkt. No. 74).

Plaintiff through his cell door. (Dkt. No. 25 at 7). Plaintiff alleges Terry and Robertson sprayed Plaintiff because they wished to get "[Plaintiff] out the room" even though he had told both he "was good." (*Id.*).

Plaintiff further alleges that on December 28, 2018, after returning to MCI from a Crisis Stabilization Unit at another correctional facility, he refused to enter his cell because said cell was a "suicide watch cell and [Plaintiff] was cleared from the Crisis Stabilization Unit Mental Health Doctors." (*Id.* at 8). Plaintiff continues that when an MCI officer threatened to spray Plaintiff if he did not enter, Plaintiff attempted to flee and "accidently" hit Sergeant Brown. (*Id.*). Plaintiff alleges Brown then punched Plaintiff three times in the face and that Sergeant Lambert sprayed Plaintiff. Plaintiff also alleges that from December 28, 2018 until the time he was transferred from MCI, Plaintiff was denied all medical treatment he requested and was denied outside recreation. (*Id.*).

Defendants present a completely different accounting of the above events.

According to Defendants, the December 19, 2018 incident was the result of Plaintiff throwing feces at officers and subsequently refusing to leave his cell. Robertson submitted an affidavit to this effect, along with incident reports corroborating his account of the December 19, 2018 incident. (Dkt. No. 87-3). Defendants also submitted a video recording of the December 19, 2018 incident, a video interview with the nurse that treated Plaintiff after the December 19, 2018 incident stating Plaintiff suffered no injury as a result of said incident, and an Inmate Detail Report concerning Plaintiff. The Inmate Detail Report shows that Plaintiff had a history of throwing fecal matter at MCI employees. (Dkt. Nos. 87-2).

With regards to the December 28, 2018 incident, Defendants contend that Plaintiff refused to enter his cell and attempted to flee—facts which Plaintiff admits[2]—and then *punched* Brown on the lip. Brown submitted an affidavit to this effect. (Dkt. No. 87-4). Defendants also submitted an interview with the nurse that treated Plaintiff after said incident, in which said nurse stated Plaintiff was not injured. (*Id.*). Defendant Warden Charles Williams also submitted an affidavit attesting to the fact that, during Plaintiff's five months at MCI, Plaintiff saw medical or health care professionals on twenty-nine separate occasions. (Dkt. No. 87-7 at 1). Defendants also submitted copies of Plaintiff's medical records.

On April 22, 2019, Plaintiff filed his Amended Complaint alleging Defendants violated his constitutional rights by using excessive force against Plaintiff on December 19 and December 28, 2018 and violated Plaintiff's Eighth Amendment rights by denying him medical treatment and outdoor recreation from December 28, 2018 until the time he was transferred from MCI. Defendants moved for summary judgment, (Dkt. Nos. 87, 97), which Plaintiff opposes, (Dkt. No. 92). Neither party filed objections to the R & R. Defendants' motion is fully briefed and ripe for disposition.

**II. Legal Standards**

    **a.** *Pro Se* **Pleadings**

This Court liberally construes complaints filed by *pro se* litigants to allow the development of a potentially meritorious case. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a viable federal

---

[2] *See* Amended Complaint, (Dkt. No. 25 at 8) ("I stated 'I'm not going in'" and "I panicked once I realized I was about to get sprayed, [and] I tried to run . . . .").

claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. *See Weller v. Dep't of Social Services*, 901 F.2d 387 (4th Cir. 1990).

    **b. Summary Judgment**

To prevail on a motion for summary judgment, the movant must demonstrate that there is no genuine dispute of any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The party seeking summary judgment has the burden of identifying the portions of the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, [which] show that there is no genuine issue as to any material fact and that the moving part is entitled to a judgement as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 & n.4 (1986) (citing Rule 56(c)). The Court will interpret all inferences and ambiguities against the movant and in favor of the non-moving party. *U.S. v. Diebold, Inc.*, 369 U.S. 654, 655 (1962). Where the moving party has met its burden to put forth sufficient evidence to demonstrate there is no genuine dispute of material fact, the non-moving party must come forth with "specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (citing Rule 56(e)). An issue of material fact is genuine if the evidence is such that a reasonable jury could return a verdict in favor of the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 257 (1986).

    **c. Magistrate's Report and Recommendation**

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which

specific objection is made. Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where the plaintiff fails to file any specific objections, "a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (internal quotation omitted). Neither party filed objections to the R & R and it is reviewed for clear error.

### III. Discussion

Upon a review of the parties' arguments and the R & R, the Court finds the Magistrate Judge ably addressed the issues and correctly determined that Defendants are entitled to summary judgment on all of Plaintiff's claims.

As it regards the December 19, 2019 incident, the Magistrate Judge correctly determined that no reasonable jury could find that Defendants used excessive force when removing Plaintiff from his cell. The Magistrate Judge accurately described undisputed video evidence and incident reports pertaining to said incident. The Magistrate Judge correctly applied controlling case law and concluded that no reasonable jury could find Defendants acted with a "sufficiently culpable state of mind" in forcibly removing Plaintiff from his cell. *Iko v. Shreve*, 535 F.3d 225, 238 (4th Cir. 2008) (to establish constitutional excessive force claim, inmate must establish that the "prison official acted with a sufficiently culpable state of mind (subjective component); and [that] the deprivation suffered or injury inflicted on the inmate was sufficiently serious (objective component)"). As explained in detail in the R & R, the undisputed video evidence and incident reports from December 19, 2018 show that, prior to being sprayed and removed from his cell, Plaintiff threw feces at Defendant Clarissa Jones, threatened other

officers, and refused to comply with orders. *See Whitley v. Alberts*, 475 U.S. 312, 321 (1968) (courts must apply the following factors in determining whether a prison official's actions were carried out "maliciously and sadistically" to cause harm: (1) the need for application of force; (2) "the relationship between the need and the amount of force" used; (3) "the extent of the injury inflicted"; and (4) "the extent of the threat to the safety of staff and inmates as reasonably perceived by the responsible officials on the basis of the facts known to them."). The Magistrate Judge correctly found that all *Whitley* factors weighed in Defendants' favor, that Defendants did not act maliciously or sadistically, and that Defendants are entitled to summary judgement on Plaintiff's claim.

Similarly, as it regards the December 28, 2019 incident, the Magistrate Judge correctly determined that no reasonable jury could find that Defendants used excessive force when detaining Plaintiff after Plaintiff, admittedly, resisted entering his cell and attempted to flee from Brown. (Dkt. No. 92 at 2-3). Again, the Magistrate Judge accurately recounted the pertinent undisputed facts, correctly applied controlling case law, and correctly concluded that all *Whitley* factors weighed in Defendants' favor, requiring a grant of summary judgment.

The Magistrate Judge correctly determined that no reasonable jury could find Defendants acted with deliberate indifference to Plaintiff's medical needs. Undisputed evidence shows Plaintiff saw medical/mental health professionals twenty-nine times during the five months he was at MCI. And while Plaintiff claims said treatments were inadequate, the Magistrate Judge correctly concluded that Plaintiff has put forth no evidence to support that claim, and that Defendants are entitled to summary judgment. *Miltier v. Beorn*, 896 F.2d 848, 851 (4th Cir. 1990) (to "establish that a health care provider's actions constitute deliberate indifference to a serious medical need, the treatment must be so grossly incompetent, inadequate or excessive as

to shock the conscience or to be intolerable to fundamental fairness"); *see Thomas v. Anderson City Jail*, No. 6:10-3270-RMG-KFM, 2011 WL 442053, at *3 (D.S.C. Jan. 19, 2011) (finding the Constitution requires prisoners be provided with a certain minimum level of medical treatment, but it does not guarantee to a prisoner the treatment of his choice); *Brown v. Thompson*, 868 F. Supp. 326, 331 (S.D. Ga. 1994) (finding that although the provision of medical care by prison officials is not discretionary, the type and amount of medical care is discretionary).

Finally, the Magistrate Judge correctly granted Defendants summary judgment on Plaintiff's claim that he was denied outdoor recreation in violation of his Eight Amendment rights. Plaintiff offers no evidence of "deliberate indifference" on Defendants' part or a serious deprivation of a human need. *Williams v. Griffin*, 952 F.2d 820 (to state an Eighth Amendment prison conditions claim a plaintiff must show a "(1) a serious deprivation of a basic human need; and (2) deliberate indifference to prison conditions on the part of prison officials"). While Plaintiff claims certain health problems of his are exacerbated by a lack of outdoor recreation, Plaintiff has not substantiated these needs with any medical evidence nor linked them to any evidentiary showing that he suffered injury or a substantial risk of serious harm. *Canada v. Stirling*, No. 5:17-CV-02785-DCC, 2020 WL 1527059, at *4 (D.S.C. Mar. 31, 2020) (granting summary judgment to defendants because although the plaintiff "generally alleges that the conditions exacerbated his vitamin D deficiency and resulted in insomnia, stress, anxiety, and headaches, [p]laintiff fails to offer evidence that he suffered any specific physical or emotional injury due to lack of outdoor recreation beyond his own conclusory allegations.").

IV. **Conclusion**

-3-

For the reasons set forth above, the Court **ADOPTS** the Report and Recommendation of the Magistrate Judge, (Dkt. No. 101), and **GRANTS** Defendants' motion for summary judgment (Dkt. No. 87).

**AND IT IS SO ORDERED.**

<u>s/ Richard Mark Gergel</u><br>
United States District Court Judge

May 27, 2020
Charleston, South Carolina